**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RITA E. RIVERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2616 |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Through counsel, Rita E. Rivers sued her mortgage lender, Wells Fargo Home Mortgage, over its attempts to foreclose on her home.  Rivers sued in state court in August 2012 when the property was posted for foreclosure and received a temporary restraining order enjoining the foreclosure.  Wells Fargo timely removed.  In an amended complaint, Rivers alleges the right to actual and exemplary damages.  This court held a hearing in October 2012 and gave the parties an opportunity to discuss whether there was any possibility of a loan modification before any motions were filed.  In November 2012, the parties advised the court that there was no possibility for settlement on the basis of a modification.  Wells Fargo filed its motion to dismiss and this court directed the plaintiff to file her response.  No response has been filed.

The Rivers purchased that property on October 7, 1998.  Rivers alleged in her amended complaint that she had fallen behind on her payments at least a year and half earlier.  She did not dispute default.  Instead, she alleged that she had attempted to modify her mortgage with Wells Fargo, without success.  She alleged that on March 5, 2012, Wells Fargo delayed her loan-modification application due to a clerical error but did not disclose that error to her.  Rivers's only

claim is under Texas common-law fraud.  She alleged that Wells Fargo's "representatives" told her "to apply for a home loan modification to stop the pending foreclosure" on her property.  (Docket Entry No. 9, ¶ 13).  She alleged that she relied on the claim when she "waited months to apply for a modification instead of selling the property before foreclosure sale," although she did not allege that there had been a foreclosure sale, given the state court's restraining order.  (*Id.*, ¶ 20).  The only injury alleged is attorney fees and expenses.  (*Id.*, ¶ 21).

Wells Fargo moved to dismiss because the claim: (1) fails to satisfy the heightened pleading standards under Federal Rule of Civil Procedure 9(b); (2) is barred by the economic-loss rule; (3) is barred by the statute of frauds; and (4) is preempted by the federal Home Owners' Loan Act. Rivers has not responded to Wells Fargo's motion to dismiss.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544).  The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Rivers alleged that Wells Fargo told her to apply for a loan modification to stop a pending foreclosure sale and that  Wells Fargo did not disclose that her application had been delayed because

of a clerical error.  The elements of fraud under Texas law are "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners*, L.P., 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).  The elements of a claim for fraud by nondisclosure are that: (1) a party conceals or fails to disclose a material fact within the knowledge of that party; (2) the party knows the other party is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the party intends to induce the other party to take some action by concealing or failing to disclose the fact; and (4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001).

Rivers's allegations fail to satisfy Rule 9(b)'s particularity requirements.  For fraud claims, Rule 9(b) requires the complaint to "state with particularity the circumstances constituting the fraud."  FED. R. CIV. P. 9(b).  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.").  Rivers provided no details about any of the misrepresentations and omissions that are the basis of her common-law fraud claim.  She did not plead who made them, when they were made, or any details about what they were.  Rivers did not state whether the misrepresentations or omissions that form the basis for her fraud claim were based on Wells Fargo's suggestion that she apply for a loan modification or

the later failure to disclose that there was a delay in sending her an application.  If the former, Rivers does not state what part of Wells Fargo's statement that filing a loan-modification application could stop the foreclosure sale was false.  If her fraud claim is based on Wells Fargo's nondisclosure of the delay in sending her a modification application, Rivers fails to allege any facts showing that Wells Fargo had a duty to disclose the fact (which she would know) that she had not received the application.  *See Bradford*, 48 S.W.3d at 754 ("Actionable fraud based on nondisclosure requires a showing of a duty to disclose.").

Rivers's fraud claims also suffer from several other pleading deficiencies.  Rivers made conclusory allegations that Wells Fargo's statements were material and made with knowledge that they were false, but does not allege facts in support.  Rivers alleged that she "justifiably relied on Defendant's false representation when Plaintiff waited months to apply for a modification instead of selling the property to a buyer [before the] foreclosure sale."  (Docket Entry No. 9, ¶ 20).  But, as noted, Rivers has not alleged that Wells Fargo foreclosed on her home.  Rivers's fraud claim is dismissed under Rules 12(b)(6) and 9(b).

Rivers's fraud claim is also barred under the statute of frauds and the economic loss rule.  Under § 26.02 of the Texas Business and Commerce Code, the statute of frauds applies to loan agreements valued at more than $50,000.  TEX. BUS. & COM. CODE § 26.02; *see also Deuley v. Chase Home Finance LLC*, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 25, 2006) ("The oral modification in this case relates to the original loan agreement, which must be in writing because it exceeds $50,000.  Thus, the modification is also required to be in writing to comply with the statute of frauds." (citing § 26.02(a)(2))).  For statute-of-frauds purposes, Texas law defines "loan agreement" broadly to include "one or more promises . . . pursuant to which a financial institution . . . agrees to . . . delay repayment of money, goods, or another things of value or to otherwise extend

credit or make a financial accommodation." TEX. BUS. & COM. CODE § 26.02(a)(2).  Wells Fargo's

alleged representations that it would delay foreclosing while it considered a loan-modification

application that she filed are subject to the state of frauds because they are promises to delay

repayment and to make financial accommodations.

The Texas Supreme Court has held that "the Statute of Frauds bars a fraud claim to the extent

the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced

because it fails to comply with the Statute of Frauds." *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex.

2001).[1]  Rivers's complaint alleges actual and exemplary damages.  To the extent that she seeks

damages relating to the contract benefit or an injunction to prevent any foreclosure, however, her

fraud claim is barred by the statute of frauds and economic loss rule.  Rivers' fraud claim is

dismissed under the Texas statute of frauds and economic loss rule.

Wells Fargo also argues that Rivers's claims are preempted by the Home Owners' Loan Act

(HOLA) and federal regulations under that act.  Federal savings banks are subject to HOLA and

were formerly regulated by the Office of Thrift Supervision and are now regulated by the Office of

the Comptroller of the Currency.  12 U.S.C. § 1464.  HOLA preempts state-law claims that impose

requirements on federal savings banks regarding the "[p]rocessing, origination, servicing, sale or

purchase of, or investment or participation in, mortgages."  12 C.F.R. § 560.2(b)(10).

Wells Fargo contends that because the original mortgagee was a federal savings bank,

---

[1]  The Texas Supreme Court has stated that fraudulent inducement claims, unlike other
fraud claims, are not subject to the economic-loss rule. *Formosa Plastics Corp. USA v. Presidio
Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) ("[T]ort damages are recoverable
for a fraudulent inducement claim irrespective of whether the fraudulent representations are later
subsumed in a contract or whether the plaintiff only suffers an economic loss related to the
subject matter of the contract.").  Rivers has not alleged, however, that Wells Fargo fraudulently
induced her into entering into a contract.

HOLA and its accompanying regulations apply to Rivers's mortgage and preempt her state-law claims. *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("Wells Fargo notes that at the time the loan was made to the [plaintiffs], World Savings FSB was a federally chartered savings bank organized and operating under HOLA and observes correctly that the same preemption analysis would apply to any alleged conduct [that occurred after] the lender merged into a national banking association." (internal quotation omitted)).  Because the complaint is deficient in so many other respects, this court does not reach the preemption issue.

Wells Fargo's motion to dismiss is granted. When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).  In this case, Rivers has already amended once.  She failed even to respond to the motion to dismiss. The amended complaint and the applicable law make the futility of further amendments clear.

This case is dismissed, with prejudice.  Final judgment is entered by separate order.

SIGNED on April 4, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge